**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4015**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVEN CRAIG BETHEA,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:07-cr-00324-D-2)

Submitted:  June 29, 2021                                  Decided:  July 1, 2021

Before HARRIS, RICHARDSON, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jennifer Haynes Rose, LAW OFFICE OF JENNIFER HAYNES ROSE, Cary, North Carolina, for Appellant.  G. Norman Acker, III, Acting United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2008, Steven Craig Bethea pled guilty, pursuant to a written plea agreement, to using, carrying, and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c), and possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924. The predicate crime of violence underlying Bethea's § 924(c) conviction was conspiracy to commit Hobbs Act robbery. Bethea's charges arose from a plan with his codefendant, Robert Taylor, and a third, unindicted, coconspirator to rob a bingo parlor. When Bethea and Taylor arrived at the parlor, they noticed a police car in the parking lot. Taylor, who was driving, evaded the officer's attempt to conduct a traffic stop and sped away, ultimately crashing the car. Bethea and Taylor then fled on foot, both in possession of firearms. Although Bethea disposed of his firearm and attempted to hide, Taylor eventually engaged in a physical altercation with the police officer. Taylor shot the officer, who was wearing a bulletproof vest, at close range, bit his neck, stole the officer's baton, and repeatedly hit the officer in the head with the baton before a neighbor came to the officer's aid and kicked Taylor to the ground.

The district court sentenced Bethea to 252 months in prison. Bethea did not appeal. In 2016, the district court granted Bethea's unopposed 28 U.S.C. § 2255 motion to vacate his § 924(c) conviction and sentence in light of *United States v. Davis*, 139 S. Ct. 2319, 2324-33 (2019). At resentencing on the remaining count of conviction, the district court established a Sentencing Guidelines range of 180 to 188 months' imprisonment and varied upward to again sentence Bethea to a term of 252 months' imprisonment. Bethea appeals, arguing that the court abused its discretion in varying above his Guidelines range to impose

2

the same sentence because the court's reasons for the upward variance were already contemplated by the Sentencing Guidelines.[1] Relatedly, Bethea argues that this renders his sentence both unconstitutional and substantively unreasonable. We affirm.

In explaining its reasons for varying upward, the district court stated that it did not believe the Guidelines were adequate "in light of the extraordinarily serious nature" of the offense and Bethea's criminal history. (J.A. 145).[2] The court acknowledged Bethea's mitigation arguments, including his difficult childhood and the positive steps that he had taken while incarcerated. The court also stated that it continued to credit Bethea for his cooperation, contrasting Bethea's sentence with Taylor's life sentence. However, the court found that Taylor's violence was reasonably foreseeable to Bethea and that a 252-month sentence remained necessary to account for "the very, very serious nature of the . . . criminal offense; the relevant conduct; [Bethea's] history and characteristics, the good and the bad; [and] the need to deter[,] . . . incapacitate[, and] . . . promote respect for the law." (J.A. 146).

Bethea emphasizes that he was only being sentenced on one count of conviction at his resentencing and contends that the district court's explanation was merely an after-the-fact justification for imposing the same sentence. "[W]hen a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a

---

[1] Bethea's total offense level of 30 was driven by his status as an armed career criminal, not, as Bethea contends, by various specific offense enhancements under chapters 2 and 3 of the U.S. Sentencing Guidelines Manual.

[2] "J.A." refers to the joint appendix filed by the parties in this appeal.

3

disposition in which the sentences on the various counts form part of an overall plan." *United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017) (internal quotation marks omitted). "[I]f some counts are vacated, the judge should be free to review the efficacy of what remains in light of the original." *Id.* (internal quotation marks omitted). Thus, the court was not required to reduce Bethea's sentence simply because it vacated one conviction.

We review the reasonableness of a criminal "sentence[]—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [28 U.S.C.] § 3553(a) factors, . . . or failing to adequately explain the chosen sentence." *Id.* at 51. If there is no significant procedural error, then we consider the sentence's substantive reasonableness under "the totality of the circumstances." *Id.*; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).

An above-Guidelines-range sentence carries neither a presumption of reasonableness nor of unreasonableness on appeal. *Irizarry v. United States*, 553 U.S. 708, 714 (2008). In reviewing the substantive reasonableness of an above-Guidelines variance, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). However, extraordinary circumstances are not

4

necessary to justify a deviation from the Guidelines range. *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017). "[W]e give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). In light of the district court's explanation and the due deference we give to a court's weighing of the § 3553(a) factors, we cannot say that the court abused its discretion by varying upward and imposing Bethea's 252-month sentence.

Bethea also argues that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment. A sentence can be "deemed cruel and unusual . . . when it is disproportionate to the crime for which it is imposed." *United States v. Cobler*, 748 F.3d 570, 575 (4th Cir. 2014). When reviewing an as-applied challenge to a sentence's proportionality, we first conduct "a threshold comparison of the gravity of the offense and the severity of the sentence" and ask whether this comparison "leads to an inference of gross disproportionality." *Id.* (internal quotation marks omitted). In the "rare case" that the defendant shows this inference, we must then "compare the defendant's sentence: (1) to sentences for other offenses in the same jurisdiction; and (2) to sentences for similar offenses in other jurisdictions." *Id.* (internal quotation marks omitted). If the court does not find a threshold inference, "extended comparative analysis of a sentence is unnecessary to justify its constitutionality." *Id.* at 578.

Because Bethea failed to raise a constitutional challenge to his sentence in the district court, our review is for plain error. *United States v. Olano*, 507 U.S. 725, 733 (1993). To establish plain error, Bethea must demonstrate that (1) the district court erred;

(2) the error was plain; and (3) the error affected his substantial rights. *Id.* Because Bethea fails to establish the threshold inference that his sentence is grossly disproportionate to his offense, he fails to demonstrate any plain error in his sentence.

Accordingly, we conclude that the district court did not abuse its discretion in imposing Bethea's sentence, and we affirm the district court's amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*